Joseph P. Smith (SBN 111003)
LAW OFFICES OF JOSEPH P. SMITH
1605 E. 4th St., Suite 250
Santa Ana, CA 92701
Phone: (714) 542-9455
Email: joseph.smith@josephpsmith.com

Attorney for Defendant Julio Cesar Martinez

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  vs.<br><br>Julio Cesar Martinez<br>  Defendant. | Case No.: *0973 8:21CR00101-1*<br><br>**DEFENDANT JULIO CESAR MARTINEZ'S SENTENCING BRIEF** |

Defendant Julio Cesar Martinez, by and through his counsel of record, Joseph P. Smith, herby graciously requests an extension of time within which to file a response to the AUSA's Sentencing Position on December 4, 2023 and USPO's PSR on December 1, 2023, and to submit his sentencing brief.

DATED: November 7, 2023

Respectfully submitted,

Joseph P. Smith (SBN 111003)
Attorney for Defendant
Julio Cesar Martinez

**DEFENDANT JULIO CESAR MARTINEZ'S SENTENCING BRIEF**

1

## I. INTRODUCTION

Julio Cesar Martinez, comes before the Court for sentencing after entering a plea of guilty to one count of conspiracy and attempt to distribute and possession with intent to distribute heroin in violation of 21 U.S.C. § 846, 841(a)(1), (b)(1)(A). This sentencing brief is submitted to assist the Court in determining an appropriate sentence pursuant to 18 U.S.C. section 3553 (a).

"The bedrock of federal sentencing" lies in the text and the factors set forth in 18 U.S.C. section 3553 (a). United States v. Gupta, 904 F.Supp.2d 349, 353 (S.D.N.Y. 2012). Of particular importance is the statute's "parsimony provision," which mandates that any sentence imposed must be "sufficient, but not greater than necessary" to comply with the purposes of sentencing as set forth in section 3553 (a) (2).

The parsimony provision- and its directive that a sentencing court must determine and impose the minimally sufficient sentence necessary to accomplish the statutory sentencing goals -is the "overarching" instruction" of section 3553 (a). Kimbrough v. United States, 552 U.S. 85, 100-101,111 2007); see also *Pepper v. United States,* 131 S. Ct 1229,1242 (2011) the sentencing judge's "overarching duty" under section 3443 (a) is to impose a minimally sufficient sentence). 18 U.S.C. Section 3553 (a) mandates that, in determining the minimally sufficient sentence, sentencing court must consider:

1. the nature and circumstances of the offense and the history and characteristics of the defendant (section 3553 (a) (l));
2. the purpose of sentencing (section 3533 (a) (2));
3. the kinds of sentences available (section 3553 (a) (3));
4. the guidelines range, and any pertinent policy statements (section 3553 (a) (4) and (5));
5. the need to avoid unwarranted sentencing disparities (section 3553 (a) (6));
6. the need to provide restitution to any victims of the offense (section 3553 (a) (7)).

**DEFENDANT JULIO CESAR MARTINEZ'S SENTENCING BRIEF**

2

Although the sentencing court must first correctly calculate the advisory Guidelines range, the advisory range is merely "the starting point and initial benchmark." United States v. Gall, 552 U.S. 38, 49-50 (2007); Kimbrough, 552 U.S. at 108-09. Indeed, there is no "legal presumption that the Guidelines sentence should apply." Rita v. United States, 551 U.S. 338, 351 (2007); Nelson v. United States, 555 U.S. 350, 352 (2008). Rather, a sentencing court is required to consider all of 't11e section 3553 (a) factors, not just the Guidelines, when fashioning a sentence. United States v. Booker, 543 U.S. 220,245 (2005); see also Rita, 551 U.S. at 347-48; United States v. Friedman, 658 F.3d 342,359 (3d Cir. 2011); United States v. Gunter, 462 F.3d 237,247 (3d Cir. 2006). Sentencing courts should "consider every convicted person as an individual and every case as a unique study in human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." Gall, 552 U.S. at 52-53. Accordingly, punishment "should fit the offender and not merely the crime." Pepper v. United States, 131 S. Ct. at 1240 (internal citations omitted); see also Miller v. Alabama, 132 S. Ct. 2455, 2463 (2012) ("punishment for crime should be graduated and proportioned to both the offender and the offense") (internal citations omitted); United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc) (noting that it is essential that district courts make an "individualized assessment based on the facts presented") (internal citations omitted).

## II. MR. MARTINEZ'S POSITION REGARDING SENTENCING

Julio Cesar Martinez deeply regrets the crime he is being sentenced for. The Defendant agrees with the government's position that taking responsibility for this crime is an essential factor to consider for sentencing in this matter. Not only has the Defendant accepted responsibility for his actions, but he has also assisted the government in the prosecution of his misconduct. This is noted by the USPO in the PSR pg. 10 section 73-74. Moreover, the government commends this action by highlighting the resulting time and resource savings that the government can use instead in critical

DEFENDANT JULIO CESAR MARTINEZ'S SENTENCING BRIEF

3

areas to serve its constituency. However the government's proposed sentencing offer of 310 months does not adequately reflect the characteristics of the defendant in relation to the circumstances. The Defendant pleads that this honorable court consider the following factors when determining the sentencing.

### A. Childhood and Adolescent Lifetime of Substance Abuse and Negative Reinforcement

Julio Cesar Martinez was born into an environment of substance abuse and negative reinforcement causing him to become involved at a young age. Living in an unhealthy environment, especially at a young age, lead the Defendant to make choices that he deeply regrets in his adult life. Julio Cesar Martinez had his first conviction at the age of 15 as noted in the PSR pg. 13 section 78. Throughout his youth he was surrounded by many others who engaged in similar activities, and this negative reinforcement led to further convictions. Julio Cesar Martinez received his first substance abuse related conviction at the age of 19 as noted in the PSR page 14 section 81. Moreover the PSR supports this history of substance abuse and importantly highlights marijuana use from the incredibly young age of 13 as noted in the PSR page 19 sections 104, 106. While this environment does not excuse any of the Defendant's past actions, it should be considered as a part of the circumstances that led to the crime in this instance, and thereby reflected in the sentencing.

### B. Firearm Free Activity

Through the hard work of the government and all of its participating agencies, large volumes of discovery have been produced in this case. In all of the discovery, spanning over 7 years of investigation and involving 18 co-defendants, firearms were neither discovered nor attributed as an instrumentality of this crime. Recognizing the pandemic of illicit firearm activity across the country, the Defendant did not contribute to it through his actions in the case herein.

### C. The Impact of Sentencing on Children

The Defendant points to the fact that he is 45 years old, DOB 04/18/78. The government's suggested sentencing of 310 months would mean that upon release Julio Cesar Martinez will be almost 71 years old. As a father of four children, whom he deeply cares for, a sentence of this duration will prevent him from providing for his children, being a part of their life for an extremely extended period of time, whilst also leaving him with significantly reduced time upon release to spend with them. Despite Mr. Martinez's unscrupulous methods of generating income, he ensured that his children were able to live in a loving home.

### III. Mr. Martinez's Proposed Sentencing Position

As a part of taking responsibility for his actions, the Defendant fully understands that he will be serving time in custody. The crime he committed is incredibly serious and must be punished in order to show a respect for adhering to the law and to deter any and all individuals from participating in crime, especially of crime similar in nature to the matter at hand. The principal of "sufficient, but not greater than necessary" is the better encapsulated by an offense level of 30, which correlates to a recommended sentencing range of 168-210 months rather than the government's proposed 310 months at an offense level of 37. Within this range, the Defendant pleads that the court will consider the intermediary sentence at 180 months. After 180 months in custody, Julio Cesar Martinez will be 60 years old. He would have justifiably served a substantial portion of his life in custody, but also would have the opportunity to have more time to spend with his children when released on supervision. Moreover, this sentence will not undermine the severity of his actions, rather it will reflect the damage his actions have caused as this sentence is still a substantial amount of his life that he will be serving in custody. Additionally, the Defendant respectfully asks that the court to give him credit for time served. According to U.S.C. Section 3624(b)(1), defendants not serving terms of life are elidgible to receive up to 54 days credit for time served per year. While the Defendant acknowledges that it is up to the Bureau of Prisons to

**DEFENDANT JULIO CESAR MARTINEZ'S SENTENCING BRIEF**

5

calculate time served credits, he would like to highlight his compliance with all institutional disciplinary regulations during his time in custody. Julio Cesar Martinez asks to receive credit for time served from the date of his arrest on 07/13/2021 to his date of sentencing on 12/18/2023.

### IV. Conclusion

For the foregoing reasons, a 180 month sentence is sufficient but not greater than necessary to accomplish the goals set forth in 18 U.S.C Section 3553(a). The Defendant respectfully pleads that this honorable court will impose a sentence of 180 months, give him credit for time served for the aformentioned period, and the government's proposed five-year period of supervised release and $100 special assessment.

**DEFENDANT JULIO CESAR MARTINEZ'S SENTENCING BRIEF**

6